**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Thomas L. Spear,            ) | CIV. 11-1742-PHX-PGR |
|                             ) |  |
|     Plaintiff,      ) | **ORDER** |
|                             ) |  |
| v.                          ) |  |
|                             ) |  |
| United States of America,   ) |  |
|                             ) |  |
|     Defendant.      ) |  |
| _____) |  |

Before the Court is Plaintiff's Motion for Summary Judgment. (Doc. 23.) Plaintiff contends that he is entitled to summary judgment on his quiet titled claim based on the doctrine of equitable subrogation. The United States asks the Court to refuse the motion or grant a continuance under Rule 56(d) of the Federal Rules of Civil Procedure so that it can conduct discovery before responding to the motion. (Doc. 25.)

**Background**

At issue is real property located in Maricopa County. Dennis Carlson owned the property at the time of his death in 2007. He had a loan on the property with TCF Bank ("TCF Loan"). The TCF loan was recorded on June 22, 2006. On August 15, 2008, Plaintiff purchased the property from Carlson's estate for $800,000. To fund the purchase, Plaintiff obtained a loan of $417,000 ("Taylor Loan"). The Taylor Loan was used to satisfy the TCF Loan. On December 10, 2009, Plaintiff refinanced the Taylor Loan with a loan from Imortgage.com ("ICOM Loan"). The ICOM Loan was used to satisfy the Taylor Loan. On May 10, 2010, Plaintiff received a notice from the IRS that it was going to seize the property

in order to satisfy the tax liability of the Carlson estate. Carlson's estate had a tax liability of $2.2 million at the time of his death, on July 2, 2007, at which point an estate tax lien was automatically created. On September 2, 2011, Plaintiff filed a complaint to quiet title. (Doc. 1.) He filed an amended complaint on March 5, 2012. (Doc. 20.)

**Equitable subrogation**

"The doctrine of equitable subrogation allows a person who pays off an encumbrance to assume the same priority position as the holder of the previous encumbrance." *Mort v. United States*, 86 F.3d 890, 893 (9th Cir. 1996). Plaintiff contends that the ICOM loan is subrogated to the TCF loan, which had priority over the estate tax lien. (Doc. 23 at 2–3.) The United States argues that equitable subordination does not apply because the ICOM Loan did not pay off the TCF Loan, which had been discharged and was no longer in existence when the ICOM Loan was recorded. (Doc. 25 at 5.)

"Equitable subrogation is a state-law doctrine," so whether the doctrine applies in this case is a matter of Arizona law. *Mort*, 86 F.3d at 893. In *Sourcecorp, Inc. v. Norcutt*, 229 Ariz. 270, 274 P.3d 1204, 1207 (2012), the Arizona Supreme Court, acknowledging that "[t]here is thus some ambiguity in Arizona case law regarding the test for equitable subrogation," adopted the test set forth in the Restatement (Third) of Property, § 7.6.[1] "Under the Restatement test, a person who 'fully performs an obligation of another, secured by a mortgage, becomes by subrogation the owner of the obligation and the mortgage to the extent necessary to prevent unjust enrichment.'" *Id.* (quoting Restatement § 7.6). The court explained that "equitable relief may be appropriate, for example, if the person seeking subrogation expected to receive a security interest in the real estate with the priority of the

---

[1] Previous formulations of the test in Arizona stated that subrogation occurs if (1) a third person discharges an encumbrance on the property of another, (2) the person is not a volunteer, and (3) there is an express or implied agreement "that he will be substituted in place of the holder of the encumbrance." *Peterman-Donnelly Eng'rs & Contractors Corp. v. First Nat'l Bank of Ariz.,* 2 Ariz.App. 321, 325, 408 P.2d 841, 845 (1965); see *Lamb Excavation, Inc. v. Chase Manhattan Mortg. Corp.*, 208 Ariz. 478, 480–82, 95 P.3d 542, 544–46 (App. 2004).

1 mortgage being discharged." *Id.* The court held that application of equitable subrogation does not depend whether on the person invoking the doctrine is a "volunteer" and does not require an express or implied agreement. *Id.* at 1208. The court recognized that "equitable subrogation depends on the facts of the particular case." *Id.* at 1206 (quoting *Mosher v. Conway*, 45 Ariz. 463, 468, 46 P.2d 110, 112 (1935)).

### Rule 56(d)

Under Rule 56(d) (formerly Rule 56(f)), when a "nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" to a motion for summary judgment, the court may "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." The party opposing summary judgment must make a timely request and clearly show "what information is sought and how it would preclude summary judgment." *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998). The requesting party must set forth in affidavit form the specific facts it hopes to elicit from further discovery and show that the facts sought exist are essential to oppose summary judgment. *Family Home and Finance Center, Inc. v. Federal Home Loan Mortgage Corp.*, 525 F.3d 822, 827 (9th Cir. 2008).

### Discussion

The United States's request is timely. Where a summary judgment motion is filed early in the litigation before a party has had a realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant a Rule 56(d) motion "fairly freely." *Burlington Northern Santa Fe R. Co. v. Assiniboine and Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003); *see Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001) ("Although Rule 56(f) facially gives judges the discretion to disallow discovery when the non-moving party cannot yet submit evidence supporting its opposition, the Supreme Court has restated the rule as requiring, rather than merely permitting, discovery 'where the non-moving party has not had the opportunity to discover

information that is essential to its opposition.'") (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986)).

Plaintiff filed its First Amended Complaint on March 5, 2012. The United States filed its Answer on March 19. (Doc. 21.) Plaintiff filed his Motion for Summary Judgment 10 days later, on March 29. (Doc. 23.) The deadline for the completion of discovery is September 24, 2012. (Doc. 17.) Dispositive motions are due by October 19. (*Id.*)

The United States has submitted a declaration by its counsel, Kaycee Sullivan. (Doc. 25, Ex. 1.) The declaration indicates that the only discovery completed in this case is the exchange of initial disclosures. (*Id.*, ¶ 6.) This disclosure included documents from the escrow files of the real estate transactions at issue, along with documents from related litigation in Minnesota, in which Plaintiff is suing Bryon Bequette, the representative of the Carlson estate, for failing to pay the estate tax lien on the property. *Id.*

The Sullivan declaration sets forth the facts the United States hopes to elicit and why they are essential to its defense. (Doc. 25, Ex. 1.) According to the declaration, the United States has a good faith belief that further discovery will reveal relevant facts concerning the "applicability of the doctrine of equitable subrogation in the case." (*Id.*, ¶ 13.) The sought-after information "is necessary in evaluating the parties' knowledge of potentially competing lien priority claims and the equitable remedies available." (*Id.*, ¶ 12.)

The United States seeks copies of the escrow files of the underlying real estate transactions and intends to depose Plaintiff regarding his knowledge of the estate tax lien prior to entering into the real estate transactions at issue. (*Id.*, ¶¶ 6, 11.) It will also depose Plaintiff about his efforts to obtain damages from Bequette, as well as his efforts to file a claim or receive proceeds from a title insurance policy. (*Id.*, ¶ 9.) The United States also intends to depose Bequette and subpoena documents from the title insurance company. (*Id.*, ¶¶ 8, 12.)

The United States asserts that this information is necessary for a determination of the equities of the case and to rebut factual allegations made by Plaintiff. For example, Plaintiff

- 4 -

contends that he purchased the property without knowledge of the tax lien and that he and his lenders intended the deeds to maintain a first position secured interest in the property, as evidenced by loan documents and escrow instructions. (Doc. 23 at 5–6.)

In *Sourcecorp*, the Arizona Supreme Court held that neither the plaintiff's status as a "volunteer" nor the absence of an agreement is a categorical bar to application of equitable subrogation. 274 P.3d at 1208. Nevertheless, application of the doctrine depends on the specific facts of the case, *id.* at 1206, and the United States has identified questions relevant to the equities involved, particularly questions concerning Plaintiff's intent and expectations when purchasing the property. *See In re Mortgages Ltd.*, 459 B.R. 739, 742 (Bkrtcy.D.Ariz. 2011) (denying summary judgment based on conflicting facts as to the existence of an agreement to subrogate).

**Conclusion**

Plaintiff's motion for summary judgment was filed just 10 days after the United States answered the First Amended Complaint. The parties are still involved in discovery. Because the United States has identified specific, material facts that it may elicit from discovery, which are essential to its opposition to the motion for summary judgment, *see Family Home & Finance Center*, 525 F.3d at 827, the court will grant the United States' request for relief under Rule 56(d).[2]

Accordingly,

///

///

///

---

[2] Plaintiff asserts that pursuant to LRCiv. 56.1(b)(1), the Court must accept as true the facts set forth in his statement of facts because the United States did not controvert them in its response to the summary judgment motion. (Doc. 26 at 6–7.) This argument is not well taken, given that the United States is seeking relief under Rule 56(d). Without having conducted discovery, the United States is not in a position to contest Plaintiff's factual assertions. (*See* Doc. 25 at 3 n.1.)

IT IS HEREBY ORDERED granting the United States' request for relief under Rule 56(d) (Doc. 25). The United States shall respond to Plaintiff's motion for summary judgment no later than September 24, 2012.

DATED this 6th day of June, 2012.

Paul G. Rosenblatt
United States District Judge